UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHNEK THOMAS                                               CIVIL ACTION

VERSUS                                                           NO. 19-359-JWD-RLB

GATX CORPORATION, ET AL.

### ORDER

Before the Court is the Motion to Compel Discovery (R. Doc. 27) filed by Plaintiff, Chnek Thomas, on July 23, 2020. The motion is opposed. (R. Doc. 33).

**I.  Background**

Plaintiff initiated this action with the filing of her Complaint (R. Doc. 1) on June 6, 2019. Following that, Plaintiff filed an Amended Complaint (R. Doc. 7) on June 24, 2019, the operative pleading at this time of this Order. Therein, Plaintiff alleges that she was struck by a van owned and operated by Defendant GATX Corporation at a facility owned and operated by Defendant CFN. (R. Doc. 7 at 2-3). As a result, Plaintiff alleges that she sustained severe and debilitating injuries, and seeks damages accordingly. (R. Doc. 7 at 3).

**II.  Law and Analysis**

   **A.  Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within

this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

**B.     Analysis**

Plaintiff's Motion to Compel is limited to a request for the Court to order production and/or review of certain video evidence of the accident location as well as inspection of the accident site. (R. Doc. 27 at 1). Defendant CFN suggests that, while it does not object to hosting a site visit or production of the videos, such site visit and production should be done within certain parameters.

With regard to the site visit, Defendant CFN represents that it will permit such a visit as soon as non-essential personnel are able to return to the facility as a result of the COVID-19 pandemic and certain safety guidelines are put in place. (R. Doc. 33 at 1). At the telephone conference on September 14, 2020, defense counsel represented the property should be accessible for a site visit in the beginning of October. The parties will confer and select an appropriate date for such visit. (R. Doc. 37). Certain discovery deadlines have been extended to accommodate this discovery. (R. Doc. 38). Accordingly, to the extent the motion to compel seeks a site visit, that issue is moot.

As to the video surveillance evidence, Defendant CFN suggests that it will provide the requested information as soon as Plaintiff complies with the "Sensitive Security Information"

requirements of 49 C.F.R. §§ 15, *et seq.*, and 1520, *et seq.* (R. Doc. 33 at 1-2). The Court has reviewed the Declaration of Jeremy Latino, Defendant CFN's Supervisory of Security. (R. Doc. 33-1). Therein, it is stated that the "video recordings were recorded by video equipment that is part of the Security Plan and constitute 'Sensitive Security Information' under 49 CFR part 15 *et seq.* and 1520 *et seq.*" (R. Doc. 33-1 at 1). Defendant CFN does not object to the relevance or production of the video evidence but indicates it will provide said video recordings once Plaintiff complies with the requirements regarding Sensitive Security Information. (R. Doc. 33 at 1-2).

A designation of Sensitive Security Information is not a bar to production, but rather evokes certain prerequisites to production that must be followed in order to protect the sensitive nature of the information. In *Corbett v. Transportation Sec. Admin.*, 767 F.3d 1171, 1183 (11th Cir. 2004), the Eleventh Circuit stated that "Congress has permitted the disclosure of sensitive security information during discovery to civil litigants in a *district* court who demonstrate a substantial need for it, Department of Homeland Security Appropriations Act, 2007, Pub.L. No. 109-295, § 525(d), 120 Stat. 1355, 1382 (Oct. 4, 2006). Thus, as the parties recognize, a designation of information relevant to a civil proceeding as Sensitive Security Information is not an absolute bar to production.

At the same time, the Court recognizes the seriousness of any potential disclosure of what may be Sensitive Security Information under these statutes and will not order production of same without the appropriate protections in place and procedures followed. *See, e.g., Chinn v. Blankenship*, 2010 WL 11591399, at *5-6 (W.D. Wash. Feb. 26, 2010) (denying motion to compel where "Plaintiff has not followed the procedures to obtain the documents as laid out in Section 525(d)"). During the conference on September 14, 2020, defense counsel indicated that

3

the United States Coast Guard is the appropriate entity to address the necessary procedures and approvals for access to the SSI at issue.[1]

During the telephone conference, counsel for plaintiff acknowledged that he had not taken the appropriate steps to obtain access to SSI and now seeks further guidance.  The Court noted that the motion to compel regarding the production of the video was premature unless and until the necessary steps were taken.  Accordingly, the motion will be denied as premature as to this issue.  The parties were ordered to confer regarding the necessary steps required for plaintiff's counsel to obtain access to the videotape of the scene of the accident. There does not appear to be any dispute regarding producing the video as long as the required approvals are obtained. The parties have been ordered to file a Status Report on or before September 28, 2020 providing an update of the progress made toward obtaining such approval. (R. Doc. 37).

As it concerns the Court, a designation of Sensitive Security Information requires appropriate protections be put in place. The Court finds useful the guidance provided in the case of *Mcswain v. United States*, 2016 WL 4530461, at *6 (D. Nev. Aug. 30, 2016), as follows:

> Section 525(d) also provides that the party requesting the SSI or that party's counsel shall be designated as a covered person under 49 C.F.R. Part 1520.7 in order to have access to the SSI at issue, and may be required by the TSA to undergo and satisfy a security background check. Section 525(d) also requires that the court enter an order that protects the SSI from unauthorized or unnecessary disclosure and specifies the terms and conditions of access. Consistent with Section 525(d), the Court will enter a protective order providing that disclosure of the documents is restricted to plaintiff and/or plaintiff's counsel and plaintiff's liability expert witness (if one is designated in this case), and may only be used for purposes of this case. Production shall also be subject to any necessary prior background check that the TSA reasonably believes is necessary. The Court directs the parties to meet and confer regarding the submission of a stipulated protective order governing the production and use of SSI in this litigation.

---

[1] 49 C.F.R. §15.9(a)(3) provides that non-covered persons requesting SSI shall be referred to "TSA or the applicable component agency within DOT or DHS."

4

Similarly, the parties shall confer and file a proposed protective order covering any production of Sensitive Security Information between the parties. The parties should consider conferring with the Coast Guard or any other applicable agency regarding the necessary terms of such order.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 27) is **DENIED** for the reasons set forth above.

Signed in Baton Rouge, Louisiana, on September 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**